IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDRE L. BROWN, ) | CASE NO.: 5:18-CR-497 |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon Petitioner, Andre L. Brown's ("Mr. Brown" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #390). The Government filed a Response in Opposition (ECF #408). Petitioner did not file a Reply. For the reasons set forth herein, the petition (ECF #390) is DENIED.

I.   **PROCEDURAL HISTORY**

On August 29, 2018, a grand jury charged Petitioner with a several count indictment, including possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 13), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 11). Mr. Brown pled guilty to Counts 11 and 13, and in return for Petitioner's plea, the government dismissed the other remaining counts. (ECF #257). The Court sentenced Petitioner to 120 months on the drug charge, which was the statutory mandatory minimum, followed by 60 months in prison on the firearm charge, which was also the statutory minimum sentence. (ECF #324). On January 19, 2021, Mr. Brown filed the instant motion seeking to vacate his guilty plea and sentence, alleging ineffective assistance of counsel. (ECF #390).

## II. STANDARD FOR RELIEF UNDER § 2255

A petitioner who moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also*, *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a § 2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## III. ANALYSIS

Mr. Brown alleges a claim of ineffective assistance of his trial counsel, Mr. David M. Lowry ("Mr. Lowry"). In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance

2

prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id*. Judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689. Further, in the context of guilty pleas, to establish prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Mr. Brown cannot support his claim of ineffective assistance of trial counsel. He alleges that Mr. Lowry failed to challenge the validity of the possession of a firearm in furtherance of a drug trafficking charge, Count 13 of the Indictment. However, in addition to the firearms, agents also found a large amount of methamphetamine at Petitioner's home, which he pled guilty to. (ECF #257). The Sixth Circuit has repeatedly held that when a firearm and significant drug quantities are found in the home of an individual, a jury may conclude that the individual possessed the firearm with the intent to further his drug trafficking. *See United States v. Kelsor*, 665 F.3d 684, 693 (6th Cir. 2011); *see also United States v. Swafford*, 385 F.3d 1026, 1028-29 (6th Cir. 2004). Petitioner had an opportunity to challenge the charge, but instead knowingly and voluntarily entered into a guilty plea in order to avoid trial and a more substantial imprisonment term. Based on applicable case law and the record, there is no evidence that could support a finding that counsel's performance fell below the objective standard of reasonableness, or that any alleged deficiencies would have altered Mr. Brown's decision to plead guilty.

## **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate, "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could

debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, as well as those set forth in greater detail in the Government's briefings, the Court concludes that Mr. Brown has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #390) is DENIED. Because the files and record in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
Senior United States District Judge

DATED: April 27, 2021